**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Pettigrew,<br><br>           Petitioner,<br><br>vs.<br><br>Susan G. McClintock, Warden,<br><br>           Respondent. | No. CIV-13-029-TUC-LAB<br><br>**ORDER** |

On January 14, 2013, the petitioner, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons (BOP) is improperly collecting restitution payments pursuant to a schedule set under the Inmate Financial Responsibility Program (IFRP).

Also pending is the petitioner's motion for a temporary restraining order and preliminary injunction against the respondent pursuant to Fed.R.Civ.P. 65. (Doc. 6)

Magistrate Judge Bowman presides over this action having received written consent from all parties. (Doc. 11)

The petition will be denied on the merits.

//

//

//

Background

Pettigrew was convicted in the U.S. District Court for the District of New Mexico of one count of involuntary manslaughter, two counts of assault resulting in serious bodily injury and one count of assault by striking, beating, or wounding.  (Doc. 10-1, pp. 11-12); *U.S. v. Pettigrew*, 468 F.3d 626, 630 (10th Cir. 2006), *cert. denied*, 549 U.S. 1242 (2007).  He was sentenced to a term of imprisonment of 126 months, a special assessment of $310, and restitution totaling $14,302.84, payable "[i]n full immediately."  (Doc. 10-1, pp. 13, 16) The sentence was later amended to add a consecutive term of 30 months imprisonment because Pettigrew committed his offenses while on supervised release.  (Doc. 10-1, pp. 18-19)

While incarcerated, Pettigrew entered the Inmate Financial Responsibility Program (IFRP) agreeing to pay 50 % of his inmate wages on a monthly basis to satisfy his outstanding restitution balance. (Doc. 10-1, pp. 22-29)

On January 14, 2013, Pettigrew filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  (Doc. 1) He argues the BOP does not have the authority to establish a restitution payment schedule because the District Court failed to do so itself.  *Id*.

On January 25, 2013, Pettigrew filed the pending motion for a temporary restraining order and preliminary injunction pursuant to Fed.R.Civ.P. 65.  (Doc. 6)  He argues the BOP's collection activity is contrary to law and causes him irreparable injury.  *Id*.

The respondent filed an answer on March 12, 2013.  (Doc. 10) She argues the petition should be denied on the merits.  *Id*.  In the alternative, she argues Pettigrew waived the issue by agreeing to participate in the IFRP or by failing to raise the issue on direct appeal.  *Id*. Pettigrew filed a reply to the respondent's answer on March 26, 2013.  (Doc. 13)  The court finds the petition should be denied on the merits. The court does not reach the respondent's alternative arguments.

Discussion

The Mandatory Victim Restitution Act (MVRA) requires the trial court to impose restitution when the defendant is convicted of certain specified offenses or when "an identifiable

1 victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A. The 2 court must "specify in the restitution order the manner in which, and the schedule according to 3 which, the restitution is to be paid. . . ." 18 U.S.C. § 3664(f)(2). The trial court may not 4 delegate its statutory duty to set a restitution schedule. *U.S. v. Gunning*, 401 F.3d 1145, 1149 5 (9th Cir. 2005).

6 Under its Inmate Financial Responsibility Program (IFRP), the BOP "encourages each 7 sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. To 8 this end, the BOP monitors each prisoner's resources and financial obligations and "assist[s] 9 the inmate in developing a financial plan for meeting those obligations. . . .]" 28 C.F.R. § 10 545.10. If an inmate refuses to participate in the IFRP, the BOP will impose sanctions including 11 restrictions on commissary use and eligibility for community-based programs. 28 C.F.R. § 12 545.11(d).

13 In *Ward v. Chavez*, the Ninth Circuit recently considered whether a sentencing court may 14 order "payment of restitution 'immediately' without specifying any payment schedule." *Ward* 15 *v. Chavez*, 678 F.3d 1042, 1046 (9th Cir. 2012). The court held that if the sentencing court made 16 such an order as a matter of course in expectation that the BOP would later impose whatever 17 payment schedule seemed appropriate, then the sentence was an impermissible delegation of 18 sentencing authority. *Id*., pp. 1047-51. If, on the other hand, the sentencing court considered 19 the defendant's financial resources and believed the defendant had the ability to satisfy the 20 restitution order immediately, then the sentence was proper, and the BOP could use the IFRP 21 to encourage the inmate to meet his outstanding financial obligations. *Id*., pp. 1050-51.

22 On January 14, 2013, Pettigrew filed the pending petition pursuant to 28 U.S.C. § 2241. 23 (Doc. 1) He claims the Bureau of Prisons (BOP) is improperly collecting restitution payments 24 pursuant to a schedule set under the Inmate Financial Responsibility Program (IFRP). He 25 argues the sentencing court's order that restitution is "due . . .[i]n full immediately" 26 impermissibly delegates the responsibility for setting up a payment schedule to the BOP. *See* 27 (Doc. 10-1, p. 16)

28

1 　　　　The respondent, on the other hand, argues that a "due immediately" restitution order is valid provided the sentencing court considers the defendant's financial resources before issuing its order. She notes that under the Rules of Criminal Procedure, the probation officer must prepare a presentence report and submit that report to the court before sentence is imposed. Fed.R.Civ.P. 32(c)(1)(A). If the law permits restitution, as it does here, that report must contain "sufficient information for the court to order restitution" including "information relating to the economic circumstances of each defendant." Fed.R.Civ.P. 32(c)(1)(B); 18 U.S.C. § 3664(a). There is no indication that the standard procedure was not followed in this case. This court, therefore, may presume that the sentencing court was appraised of Pettigrew's financial situation before sentencing and took it into consideration when the restitution order was issued.

　　　　The respondent further notes that Pettigrew has provided no argument or evidence that the sentencing court did *not* consider his financial resources before imposing restitution. She observes that the BOP specifically brought this issue to Pettigrew's attention when he was attempting to exhaust the issue. *See* (Doc. 1, p. 22) Nevertheless, he presents no argument or evidence on this point in his petition. *See* (Doc. 13, p. 7)

　　　　For his part, Pettigrew seems to avoid the argument. In fact, he argues in his reply brief that "the petitioner's ability to pay his restitution is NOT the issue and the argument is irrelevant." (Doc. 13, pp. 7-8) (emphasis in original)   Pettigrew is incorrect.

　　　　Pettigrew has the burden of proving that he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3); *Snook v. Wood*, 89 F.3d 605, 609 (9th Cir. 1996) ("It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States."); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Accordingly, he has the burden of proving that the sentencing court imposed restitution without considering his financial resources thereby delegating the task of setting a payment schedule to the BOP. He has provided no argument or evidence on the issue. His petition must therefore be denied. The court does not reach the respondent's alternate arguments.

1     IT IS ORDERED that the Petition for Writ of Habeas Corpus, filed on January 14, 2013, is DENIED. (Doc. 1)

IT IS FURTHER ORDERED that the motion for a temporary restraining order and preliminary injunction pursuant to Fed.R.Civ.P. 65, filed on January 25, 2013, is DENIED. (Doc. 6)

The Clerk is directed to prepare a judgment.

DATED this 16th day of May, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge